IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. BUTLER                    *
      Plaintiff,
    v.                               *    CIVIL ACTION NO. WMN-05-1214

WARDEN STEPHEN DEWALT              *
      Defendant.
                          ******

**MEMORANDUM**

Plaintiff filed this case, construed as a 28 U.S.C. § 1331 civil rights complaint for injunctive relief, on May 3, 2005.  He claims that he was about to be transferred from the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") to the Federal Correctional Institution in Edgefield, South Carolina, ("FCI-Edgefield") and that 14 boxes of legal materials would not be transported with him.  Paper No. 1.  He complains that he could not comply with the directive to provide a home address to mail the boxes of materials because he has no outside address or contacts willing to receive the materials.  Plaintiff seeks to enjoin Defendant from destroying his materials and requests that the boxes be transported from FCI-Cumberland to FCI-Edgefield.[1]  *Id*.

In his court-ordered unopposed Response and Motion to Dismiss, Defendant DeWalt asserts that the request for injunctive relief has been rendered moot because all 14 boxes of legal materials were shipped to FCI-Edgefield on May 24, 2005, and delivered on May 26, 2005.  Paper No. 3, Attachment C.  Defendant alleges that none of the materials were destroyed or discarded.

---

[1] According to the U.S. Bureau of Prisons' inmate locator, Plaintiff is now confined at FCI-Edgefield.  The docket shall be amended to reflect this new address.

After reviewing the papers in this action, the Court believes that dismissal is warranted, because this Court lacks subject matter jurisdiction over a matter that has been rendered moot. The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies. *See Friedman's*, *Inc.*, 290 F.3d 191, 197 (4th Cir. 2002); Out *of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 501 (10th Cir. 2000); *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998). This case-or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian and Gay Org.*, 143 F.3d at 647. Here, Plaintiff has received the relief requested--delivery of his 14 boxes of materials to FCI-Edgefield. Consequently, because there is no additional relief that can be provided by this Court, his action is dismissed as moot. *See Cook v. Colgate Univ.,* 992 F.2d 17, 19 (2d Cir. 1993) (students' claims for declaratory and injunctive relief against Colgate University rendered moot by their graduation). Defendant's Motion to Dismiss shall be granted and the cause of action shall be dismissed.

A separate Order follows.

/s/

Date: 6/21/05

_____
William M. Nickerson
Senior United States District Judge